UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RICKY WILLIAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GULF COAST PAIN CONSULTANTS, LLC d/b/a CLEARWAY PAIN SOLUTIONS INSTITUTE,<br><br>Defendant. | CASE NO. 3:19-cv-01659-RV-HTC |

## [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiff Ricky Williams ("Plaintiff" or "Settlement Class Representative") and Defendant Gulf Coast Pain Consultants, LLC d/b/a Clearway Pain Solutions Institute ("Defendant" or "Clearway"), as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** 2d day of Sept, 2020,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiff's Class Action Complaint that Defendant failed to safeguard and protect the personally identifiable information and/or protected health information of its patients and guarantors and that this alleged failure caused injuries to Plaintiff and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On May 20, 2020, the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the

form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiff as the Settlement Class Representative, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5. In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All individuals in the United States whose personally identifiable information and/or protected health information was affected by the theft of information from Clearway by a former contractor discovered in or about February 2019.

Excluded from the Settlement Class are (i) all Persons who timely and validly request exclusion from the Settlement Class in accordance with the opt-out procedures set forth in the Settlement Agreement; and (ii) any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Clearway Security Incident or who pleads *nolo contendere* to any such charge.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants

final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. A process for Settlement Class Members to submit claims for compensation that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

   b. Defendant to pay all Notice and Claims Administration costs.

   c. Defendant to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel not to exceed $250,000.

   d. Defendant to pay a Service Award not to exceed $2,500 to the named Plaintiff.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members as directed by this Court's

Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11. As of the final date of the Opt-Out Period, 14 potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

14. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all past, present, and future claims, causes of action, counterclaims, lawsuits, rights, demands, charges, complaints, actions, obligations, or liabilities under any legal or equitable theory, whether known, unknown, suspected, or unsuspected or capable of being known or suspected, and whether, accrued, unaccrued, matured, or not matured, including but not limited to, negligence; negligence per se; breach of fiduciary duty; breach of contract; breach of implied contract; violations of any state consumer protection statute; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning, or arising out of the Clearway Security Incident and alleged exposure and compromise of any Settlement Class Member's personally identifiable information and/or protected health information or any other allegations, facts, or circumstances described in the Lawsuit or the Complaint.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in

Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

15. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

16. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

17. In accordance with Fed. R. Civ. P. 23, this Final Order and Judgment

resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

Done and ordered this 2d day of Sept, 20__.

Roger Vinson
United States District Court Judge

# EXHIBIT A

| Opt-Out/Exclusion List | | |
|---|---|---|
| Claim ID | First Name | Last Name |
| GUW-███799 | LINDA | ALVARADO |
| GUW-███255 | ELIZABETH D | HOFFERT |
| GUW-███152 | HAZEL M | RODGERS |
| GUW-███818 | LINDA | SEGERS |
| GUW-███112 | MARY | SHAW |
| GUW-███228 | STEVEN | SHAW |
| GUW-███611 | PEGGY W | STINSON |
| GUW-███372 | ANGELA L | LOVELACE |
| GUW-███246 | JANICE | WENTZ |
| GUW-███541 | KAT | MILLER |
| GUW-███730 | TIMOTHY | MILLER |
| GUW-███775 | FREIDA | BEATY |
| GUW-███805 | KEVIN | BEATY |
| GUW-███701 | KAREN | MULLINS |